1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CINDY MARIE MINER,

11           Plaintiff,                    No. 2:11-cv-0382 DAD

12        vs.

13   CAROLYN W. COLVIN,              <u>ORDER</u>
     Commissioner of Social Security,
14
             Defendant.
15   _____/

16           This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is

19   granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

20                          **PROCEDURAL BACKGROUND**

21           On September 17, 2007, plaintiff filed an application for Supplemental Security

22   Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

23   on August 2, 2003.  (Transcript (Tr.) at 98-104.)  Plaintiff's application was denied initially and

24   on reconsideration.  (<u>Id.</u> at 59-69.)

25           Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an

26   administrative hearing was held before an ALJ on December 17, 2008.  (<u>Id.</u> at 18-33.)  Plaintiff

1   was represented by counsel and testified at that administrative hearing.  In a decision issued on

2   June 15, 2009, the ALJ found that plaintiff was not disabled.  (Id. at 43-50.)  The ALJ entered the

3   following findings:

4           1.  The claimant has not engaged in substantial gainful activity
            since September 17, 2007, the application date (20 CFR 416.971 *et*
5           *seq.*).

6           2.  The claimant has the following severe impairments: asthma,
            carpal tunnel syndrome, arthritis, scoliosis, and obesity (20 CFR
7           416.920(c)).

8           3.  The claimant does not have an impairment or combination of
            impairments that meets or medically equals one of the listed
9           impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
            416.925 and 416.926).
10
            4.  After careful consideration of the entire record, the undersigned
11          finds that the claimant has the residual functional capacity to
            perform the full range of medium work as defined in 20 CFR
12          416.967(c).

13          5.  The claimant has no past relevant work (20 CFR 416.965).

14          6.  The claimant was born on September 9, 1959 and was 48 years
            old, which is defined as a younger individual age 18-49, on the
15          date the application was filed. (20 CFR 416.963).

16          7.  The claimant has as least a high school education and is able to
            communicate in English (20 CFR 416.964).
17
            8.  Transferability of job skills is not an issue because the claimant
18          does not have past relevant work (20 CFR 416.968).

19          9.  Considering the claimant's age, education, work experience,
            and residual functional capacity, there are jobs that exist in
20          significant numbers in the national economy that the claimant can
            perform (20 CFR 416.969 and 416.969(a)).
21
            10.  The claimant has not been under a disability, as defined in the
22          Social Security Act, since September 17, 2007, the date the
            application was filed (20 CFR 416.920(g)).
23

24   (Id. at 45-49.)

25           On December 22, 2010, the Appeals Council denied plaintiff's request for review

26   of the ALJ's June 15, 2009 decision.  (Id. at 34-37.)  Plaintiff sought judicial review pursuant to

1   42 U.S.C. § 405(g) by filing the complaint in this action on February 10, 2011.

2                                    **LEGAL STANDARD**

3            The Commissioner's decision that a claimant is not disabled will be upheld if the

4   findings of fact are supported by substantial evidence in the record as a whole and the proper

5   legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

6   (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

7   The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8   conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

9   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

10  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

11  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

12  (1971)).

13           A reviewing court must consider the record as a whole, weighing both the

14  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

15  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

16  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

17  substantial evidence supports the administrative findings, or if there is conflicting evidence

18  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

19  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

20  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

21  1335, 1338 (9th Cir. 1988).

22           In determining whether or not a claimant is disabled, the ALJ should apply the

23  five-step sequential evaluation process established under Title 20 of the Code of Federal

24  Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

25  The five-step process has been summarized as follows:

26  /////

3

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled:  (1) the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms; and (2) the ALJ failed to provide a specific rationale to explain her Residual Functional Capacity ("RFC") determination.

## I.    Plaintiff's Testimony

Plaintiff first argues that the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms.  (Pl.'s MSJ (Doc. No. 20-1) at 13-19.[1])  In Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007), the Ninth Circuit summarized the ALJ's task with respect

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

to assessing a claimant's credibility:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter, 504 F.3d at 1035-36 (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms to some degree, but that plaintiff's

5

statements concerning the intensity, persistence and limiting effects of those symptoms were not

credible to the extent they were inconsistent with the ALJ's RFC determination.  (Tr. at 48.)  In

making this finding, the ALJ offered the following "clear and convincing reasons" for rejecting

plaintiff's testimony:

> First, the objective medical evidence of record does not support
> impairments likely to produce disabling pain or limitation.
> Second, there is no evidence the claimant underwent regular
> treatment employing a regimen or therapy consistent with the
> alleged severity of her complaints for any period of twelve or more
> continuous months, which could reasonably be expected from one
> suffering from unrelenting pain, debilitating symptoms, and severe
> functional limitations such as those alleged by the claimant.  Third,
> the claimant did not allege an inability to provide her own care.
> Fourth, Dr. Vesali in his consultative examination reported there
> were no significant findings on physical examination to support
> claimant's subjective complaints.

(Id. at 48.)

"[A]fter a claimant produces objective medical evidence of an underlying

impairment, an ALJ may not reject a claimant's subjective complaints based *solely* on a lack of

medical evidence to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d

676, 680 (9th Cir. 2005) (emphasis added).  Nonetheless, lack of medical evidence is a relevant

factor for the ALJ to consider in her credibility analysis.  (Id. at 681.)  Moreover, in this case the

ALJ did not reject plaintiff's subjective complaints based solely on a lack of medical evidence.

As noted above, the ALJ also rejected plaintiff's subjective complaints based on a lack of

evidence of her seeking regular treatment employing a regimen or therapy consistent with the

alleged severity of her complaints.  The ALJ is "permitted to consider lack of treatment in [her]

credibility determination."  Id.

Additionally, the ALJ rejected plaintiff's subjective complaints based on the

medical opinion of examining physician Dr. Vesali.  In this regard, the ALJ referred to Dr. Fariba

Vesali's January 20, 2009 opinion, which reflected that physical examination of plaintiff revealed

"no significant findings . . . to support the subjective complaints of neck pain . . . . back pain and

1   knee pain." (Id. at 433.)  Dr. Vesali also noted that plaintiff had normal range of motion of the

2   cervical spine and shoulders and that she walked with a normal gait.  (Id.)  The ALJ is permitted

3   to consider such evidence in evaluating a claimant's credibility.  See Light, 119 F.3d at 792 (in

4   weighing claimants credibility ALJ may consider "testimony from physicians").

5           The court therefore finds that the ALJ did offer specific, clear and convincing

6   reasons for rejecting plaintiff's testimony regarding the severity of her subjective symptoms.

7   Accordingly, plaintiff is not entitled to relief with respect to this claim.

8   **II.     Residual Functional Capacity**

9           Plaintiff also argues that the ALJ failed to provide a specific rationale for her RFC

10  determination, thereby committing reversible error.  (Pl.'s MSJ. (Doc. No. 20-1) at 19-21.)  In

11  this regard, plaintiff argues that the ALJ failed to "provide a meaningful rationale linking the

12  evidence of record" to the RFC determination and "failed to explain what weight was being

13  afforded to opinion evidence . . . ." (Id. at 20.)

14          After setting forth her RFC determination, the ALJ's decision recounts the

15  evidence of record, including plaintiff's testimony, plaintiff's medical records, the January 20,

16  2009 opinion of examining physician Dr. Vesali and the February 11, 2008 opinion of non-

17  examining physician Dr. Thien P. Nguyen.  (Tr. at 45-48.)  In discussing Dr. Vesali's opinion,

18  the ALJ acknowledged the examining physician's findings with respect to plaintiff's functional

19  limitations, stating:

20              Dr. Vesali opined claimant had no limitations to lift/carry, she
                could sit/stand/walk six hours in an eight-our (sic) workday; no
21              assistive device was needed for ambulation, no postural limitation;
                mild limitations on frequent wrist movement due to abnormal
22              NCV findings but there were no clinical findings suggestive of
                carpal tunnel syndrome; and she had no limitations working around
23              heights, heavy machinery, in extreme temperature or around
                chemical, dust, fumes, gases and extreme noise (Exhibit 20F, page
24              12).

25  (Id. at 47.)  Dr. Vesali's expressed opinion with respect to plaintiff's functional limitations was

26  /////

1    entirely consistent with the ALJ's RFC determination that plaintiff could perform medium work.[2]

2         The ALJ's decision then goes on to discuss non-examining physician Dr.

3    Nguyen's opinion.  (Id. at 47.)  Dr. Nguyen found that plaintiff's functional limitations were

4    somewhat greater than those found by Dr. Vesali.  (Id. at 47.)  Dr. Nguyen found that plaintiff

5    was limited to lifting ten pounds frequently and twenty pounds occasionally, which is

6    inconsistent with the ALJ's RFC determination.  (Tr. at 299.)

7         Plaintiff argues that the ALJ's opinion fails to explain what weight the ALJ

8    afforded to examining physician Dr. Vesali's opinion and non-examining physician Dr. Nguyen's

9    opinion and thus fails to provide a specific rationale for her ultimate RFC determination.  (Pl.'s

10   MSJ (Doc. No. 20-1) at 19.)  While it is true that the ALJ's opinion fails to expressly

11   acknowledge that Dr. Vesali's opinion was given greater weight than that of Dr. Nguyen, in light

12   of the ALJ's RFC determination that is clearly the case.  Morever, the ALJ's decision to give

13   more weight to Dr. Vesali's opinion was proper.

14        As noted above, Dr. Vesali was an examining physician and Dr. Nguyen was a

15   non-examining physician.  "The opinion of an examining physician is . . entitled to greater

16   weight than the opinion of a nonexamining physician."  Lester, 81 F.3d at 830.  An examining

17   physician's uncontradicted opinion may be rejected only for clear and convincing reasons, and

18   when an examining physician's opinion is controverted by another doctor's opinion, the

19

20   [2]    The regulations define medium work as lifting no more than 50
         pounds at a time with frequent lifting or carrying of objects
21       weighing up to 25 pounds.  A full range of medium work requires
         standing or walking, off and on, for a total of approximately 6
22       hours in an 8-hour workday in order to meet the requirements of
         frequent lifting or carrying objects weighing up to 25 pounds.  As
23       in light work, sitting may occur intermittently during the remaining
         time.  Use of the arms and hands is necessary to grasp, hold, and
24       turn objects, as opposed to the finer activities in much sedentary
         work, which require precision use of the fingers as well as use of
25       the hands and arms.

26   SSR 83-10, 1983 WL 31251, at *6.

1    examining physician's opinion may be rejected only for specific and legitimate reasons supported

2    by substantial evidence in the record. Id. at 830-31.  "The opinion of a nonexamining physician

3    cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either

4    an examining physician *or* a treating physician."  Id. at 831 (emphasis in original).

5            Moreover, Dr. Vesali's opinion was rendered more recently than that of Dr.

6    Nguyen.  The Ninth Circuit has found that medical reports that are most recent are more highly

7    probative than those which were rendered at some earlier time.  See Osenbrock v. Apfel, 240

8    F.3d 1157, 1165 (9th Cir. 2001) (finding medical evaluations prepared several months before the

9    hearing in a case where the claimant had a worsening condition were not substantial evidence

10   sufficient to rebut more recent conclusions reached by a treating physician) (citing Stone v.

11   Heckler, 761 F.2d 530, 532 (9th Cir. 1985)).

12           As noted above, if substantial evidence supports the administrative findings, or if

13   there is conflicting evidence supporting a finding of either disability or nondisability, the finding

14   of the ALJ is conclusive, Sprague, 812 F.2d at 1229-30, and may be set aside only if an improper

15   legal standard was applied in weighing the evidence, Burkhart, 856 F.2d at 1338.  Here,

16   substantial evidence supports the ALJ's RFC determination and the ALJ did not apply an

17   improper legal standard in weighing the evidence.[3]  See Tonapetyan v. Halter, 242 F.3d 1144,

18   1149 (9th Cir. 2001) (an examining physician's opinion based on his or her own independent

19   examination of the claimant constitutes substantial evidence).

20           Accordingly, plaintiff is not entitled to relief with respect to her claim that the

21   ALJ failed to provide a specific rationale for her RFC determination.

22   _____

23           [3]  Moreover, even if the court had found an error with respect to the ALJ's treatment of
     the medical opinion evidence and her RFC determination, the court would likely have found any
24   such error harmless in light of the testimony given by the Vocational Expert at the administrative
     hearing in this case.  Specifically, when the ALJ asked the Vocational Expert a hypothetical
25   question consistent with the functional limitations adopted by Dr. Nguyen's opinion, the
     Vocational Expert testified that there were still jobs in the state or national economy for a person
26   with those functional limitations.  (Tr. at 31.)

1
**CONCLUSION**

2      The court has found that plaintiff is not entitled to summary judgment in her favor

3 with respect to any of her arguments.

4      Accordingly, IT IS HEREBY ORDERED that:

5      1.  Plaintiff's motion for summary judgment (Doc. No. 20) is denied;

6      2.  Defendant's cross-motion for summary judgment (Doc. No. 21) is granted; and

7      3.  The decision of the Commissioner of Social Security is affirmed.

8 DATED: February 22, 2013.

9

10 _____

11 DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12 DAD:6
Ddad1/orders.soc sec/miner0382.order

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10